LATHAM & WATKINS LLP
  Alfred C. Pfeiffer, Jr. (State Bar No. 120965)
  Melissa N. Chan (State Bar No. 240228)
  Robert P. Lynch (State Bar No. 250557)
  Mary Elizabeth Heard (State Bar No. 255793)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: al.pfeiffer@lw.com
Email: melissa.chan@lw.com
Email: robert.lynch@lw.com
Email: maryelizabeth.heard@lw.com

Julia Harumi Mass (State Bar No. 189649)
Alan L. Schlosser (State Bar No. 49957)
Andre I. Segura (State Bar No. 247681)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: jmass@aclunc.org
Email: aschlosser@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, FRANCISCO SANCHEZ-LOPEZ, CHRISTYAN SONATO-VEGA, and SAMUEL MEDEL MOYADO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SHERIFF-CORONER BILL COGBILL and DEPUTY SHERIFF MORRIS ERIC SALKIN, individually and in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; SPECIAL AGENT-IN-CHARGE MARK WOLLMAN, SPECIAL AGENT MARIO HUELGA and SPECIAL AGENT CHRIS MERENDINO, individually and in their official capacities; DOES 1-50; and ROES 1-50, inclusive,<br><br>Defendants. | CASE NO. CV 08-04220 (PJH)<br><br>**DECLARATION OF RICHARD COSHNEAR IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING DISCOVERY OF IMMIGRATION STATUS AND FOR BIFURCATION OF DAMAGES ISSUES**<br><br>Date: January 21, 2009<br>Time: 9:00 AM<br>Place: Courtroom 3, 17th Floor<br>Judge: The Hon. Phyllis J. Hamilton |

I, Richard Coshnear, declare as follows:

1.  I am a founding member of the Committee for Immigrant Rights of Sonoma County ("the Committee"). I am also an immigration lawyer in Santa Rosa, California, and I represent clients who have been injured by the policies and practices challenged in this lawsuit. I submit this declaration in support of Plaintiffs' Motion for a Protective Order Regarding Discovery of Immigration Status and for Bifurcation of Damages Issues ("the Motion"), filed concurrently herewith. I have personal knowledge of the facts stated in this declaration and could and would testify competently to them if called as a witness.

2.  In the course of my work for the Committee and in my law practice, I regularly come into contact with and otherwise learn the identities of individuals who possess knowledge that appears to be directly relevant to the issues presented in this litigation. Based upon privileged attorney-client communications, I am aware that some of those individuals are or have family members who are not legal residents of the United States.

3.  I have witnessed the same phenomenon repeatedly in the course of legal work I have performed. Witnesses with relevant information who are not legal residents of the United States, or who have family members who are not legal residents of the United States, and even some individuals who simply are not United States citizens, have been reluctant to participate in legal proceedings when exposed to the risk of discovery concerning their immigration status.

4.  I know specifically in connection with this case that, in order to avoid prosecution for civil immigration violations, some of the potential witnesses in this case will not be willing to be identified in publicly available documents, or even to the defendants in confidential documents, unless they are assured they will not be compelled to answer questions concerning their immigration status or to provide information that would allow their immigration status to be discovered. As an immigration lawyer, I would advise them not to participate as witnesses in this lawsuit unless a protective order is in place barring discovery of information that could directly or indirectly reveal their immigration status.

5.  After a court ruling on the Motion, potential witnesses will be better

1 | equipped to assess the risk of participating in this lawsuit.

2 |       6. Even providing the identities of some potential witnesses now and waiting
3 | to provide the identities of other potential witnesses until after the issuance of a protective order
4 | might create the implication that later-identified witnesses have issues regarding their
5 | immigration status. As a result, the Committee believes it is necessary to withhold in plaintiffs'
6 | initial disclosures the names of those potential witnesses not already reasonably known to
7 | defendants, pending resolution of the Motion.

8 |       I declare under penalty of perjury that the foregoing is true and correct. Executed
9 | this 15th day of December, 2008 in Santa Rosa, California.

By *[signature]*
Richard Coshnear

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECLARATION OF RICHARD COSHNEAR
CASE NO. 08-04220 (PJH)