JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for the United States and
Defendants Wollman, Huelga and Merendino

MICHAEL F. HERTZ
Acting Assistant Attorney General, Civil Division
DAVID J. KLINE
Director
JOSHUA E.T. BRAUNSTEIN
Assistant Director
COLIN A. KISOR (DC 497145)
Trial Attorney
Office of Immigration Litigation
Civil Division, Justice Department
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, FRANCISCO SANCHEZ-LOPEZ, CHRISTYAN SONATO-VEGA, and SAMUEL MEDEL MOYADO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SHERIFF-CORONER BILL COGBILL and DEPUTY SHERIFF MORRIS ERIC SALKIN, individually and in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY | Case No. CV 08-4220 PJH<br>**DISCOVERY MATTER**<br><br>**FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 18, 2009<br>Time: 9:00 am<br>Place: Courtroom 3--17th Floor<br>Judge: The Hon. Phyllis J. Hamilton |

FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 08-4220 PJH

| | |
|---|---|
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; SPECIAL-AGENT-IN-CHARGE MARK WOLLMAN, SPECIAL AGENT MARIO HUELGA and SPECIAL AGENT CHRIS MERENDINO, individually and in their official capacities; DOES 1-50; and ROES 1-50, inclusive, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 18, 2009, at 9:00 am in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants, the U.S. Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Special-Agent-in-Charge Mark Wollman, Special Agent Mario Huelga and Special Agent Chris Merendino (collectively, "Federal Defendants") will move this Court for an order staying discovery against them until this Court resolves their pending motion to dismiss Plaintiffs' complaint (the "Complaint") for, <u>inter</u> <u>alia</u>, lack of subject matter jurisdiction and qualified immunity. This motion is based on this notice, the following memorandum of points and authorities, the pleadings and papers on file in this action, the reply, and such oral argument as the Court may permit.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

By their Complaint, Plaintiffs, the Committee for Immigrant Rights of Sonoma County, Francisco Sanchez-Lopez, Christian Sonato-Vega, and Samuel Medel Moyado, bring a claim under the Administrative Procedures Act which challenges whether the Immigration and Nationality Act ("INA"), 8 U.S.C § 1101 *et. seq*., broadly authorizes the Secretary of Homeland

---

[1] Counsel for Federal Defendants certify that, in accordance with Rule 26(c)(1) of the Federal Rules of Civil Procedure, they conferred on January 26, 2009, with counsel for Plaintiffs regarding their intention to seek a stay of discovery until the Court issues its ruling on the Federal Defendants pending motion to dismiss for lack of subject matter jurisdiction and qualified immunity. Counsel for Plaintiffs advised that he would not consent to a stay of discovery.

FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 08-4220 PJH

Security to issue detainers for aliens in the custody of State or local law enforcement agencies. The individual Plaintiffs are aliens who were detained in the Sonoma County Jail prior to being transferred to ICE custody pursuant to detainers issued against them by ICE agents under 8 C.F.R. § 287.7. Plaintiffs also sue ICE and Federal Defendants Wolman, Huelga and Merendino in their individual capacities for alleged constitutional violations arising from their detention under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs further allege claims against ICE and Federal Defendants Wolman, Huelga and Merendino for deprivation of civil rights under 42 U.S.C. §§ 1983 and 1985(3). Federal Defendants have moved to dismiss all claims against them for, inter alia, lack of subject matter jurisdiction and qualified immunity (Dkt. No. 31).

## II. ARGUMENT

### A.   Legal Standard

This Court should enter an order staying all discovery[2] until the Federal Defendants' threshold motions have been resolved. Permitting discovery before then is both improper and imprudent. Qualified immunity protects Defendants Wolman, Huelga and Merendino from discovery, and allowing it would contradict Supreme Court precedent and subject them to the irretrievable loss of that immunity. This reason for a stay applies with equal force to the claims against ICE. Those claims are largely based on the alleged conduct of Defendants Wolman, Helga and Merendino. Therefore, permitting discovery against ICE effectively permits discovery against the three individual Federal Defendants. This Court should not allow Plaintiffs to contravene the individual Federal Defendants' protection from discovery by pursuing discovery against ICE. Finally, as jurisdiction must be established as a threshold matter before a court can proceed, this Court should protect the time and resources of the parties and the Court by staying discovery until it resolves whether there is subject matter jurisdiction in

---

[2] Discovery includes the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1). *Medhekar v. United States Dist. Ct.*, 99 F.3d 325, 327-28 (9th Cir. 1996) ("We conclude that initial disclosures are a subset of discovery").

FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 08-4220 PJH                     2

1  the first place.

**B.  Stay of Discovery Should Issue for Defendants Wolman, Huelga and Merendino.**

Plaintiffs have served written discovery requests to obtain information from Defendants Wolman, Huelga and Merendino who have moved to dismiss all claims against them on the basis of subject matter jurisdiction and qualified immunity.  *See* Motion to Dismiss (Dkt. No. 31).  Qualified immunity protects officials from not only liability, but also discovery and the entire litigation process.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982).  Accordingly, courts must resolve immunity defenses "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818; *accord Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[T]he trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense.  It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.").  Supreme Court precedent thus requires that this Court stay discovery until it resolves the motion by Defendants Wolman, Huelga and Merendino to dismiss based on qualified immunity.

**C.  Stay of Discovery Should Issue for ICE.**

ICE moved to dismiss all claims against it asserting, *inter alia*, that sovereign immunity has not been waived.  *See* Motion to Dismiss (Dkt. No. 31).  Absent such a waiver, the Court lacks subject matter jurisdiction.  *Gen. Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998).

The reason for staying discovery against Defendants Wolman, Huelga and Merendino applies with equal force to ICE.  Allowing discovery against ICE would effectively permit discovery against the individual Federal Defendants because Plaintiffs have premised their claims against ICE on the individual Federal Defendant's alleged conduct.  Plaintiff should not

FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 08-4220 PJH                    3

be able to contravene their protection from discovery by pursuing discovery against ICE.  *See Harlow*, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed.").[3]

Further, this Court has the authority and discretion under Fed. R. Civ. P. 26(c) to limit discovery.  The power to stay cases is an incident of the well-recognized "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) ("Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of effort by itself, the litigants and counsel.") (citation omitted).  A district court can "permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (Rule 42(b) case); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416-17 (9th Cir. 1987) ("A district court has wide latitude in controlling discovery. . . ."); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (citation omitted); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.") (citations omitted).  Where, as here, a dispositive motion may resolve all claims, the common-sense reasoning articulated by this precedent allows the court to prevent the potential waste of time and resources of all concerned parties.

//

---

[3] With respect to Plaintiffs' claims under the Administrative Procedure Act, discovery is not generally necessary and should be prohibited.  *See Florida Light & Power Co. v. Lorion*, 470 U.S. 729, 744 (1985); *Oregon Natural Resources Council v. Lowe*, 109 F.3d 521, 526 (9th Cir. 1997); *Marathon Oil Co. V. United States*, 17 Cl. Ct. 116, 121 (Cl. Ct. 1989) (issuing a protective order against depositions).

FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 08-4220 PJH                                    4

Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to stay discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (upholding stay of discovery of issues unrelated to subject matter jurisdiction until district court resolved motion to dismiss for lack of subject matter jurisdiction); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (district court can stay discovery of issues unrelated to jurisdiction); *Cannon v. United Ins. Co.*, 352 F. Supp. 1212, 1215 (D.C.S.C. 1973) (a federal district court "should not order extended discovery when jurisdiction is doubtful"); *Tobar v. United States*, No. 07-cv-817, 2008 WL 3863893, *3 (S.D. Cal. Aug. 19, 2008) (granting stay of discovery pending resolution of underlying motion to dismiss for lack of subject matter jurisdiction); *CareToLive v. von Eschenbach*, No. 2:07-cv-729, 2007 WL 3232454, *2 (S.D. Ohio Nov. 1, 2007) ("Even if Plaintiff were entitled to discovery in this action, it would be appropriate to stay that discovery because currently pending before this court are two motions to dismiss based upon lack of subject matter jurisdiction.").

### III.   CONCLUSION

This Court should stay discovery against all Federal Defendants (Wolman, Huelga, Merendino and ICE) until it resolves their pending threshold motion to dismiss for qualified immunity and subject matter jurisdiction. Qualified immunity protects Wolman, Huelga and Merendino from discovery, and allowing discovery to proceed when a dispositive motion is pending would subject them to the irretrievable loss of that immunity. Because Plaintiffs have premised their claims against ICE on the alleged conduct of Defendants Wolman, Huelga and Merendino, discovery against ICE also would impermissibly contravene their protection from discovery. Moreover, because subject matter jurisdiction must be established as a threshold matter before a court can proceed, this Court should protect the time and resources of the parties and the Court by staying discovery until it resolves whether subject matter jurisdiction exists.

//

DATED: January 28, 2009     Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By:     /s/
ELLEN M. FITZGERALD
Assistant United States Attorney

Attorneys for the United States
and Defendants Wolman, Huelga
and Merendino

MICHAEL F. HERTZ
Acting Assistant Attorney General, Civil Division

DAVID J. KLINE
Director

JOSHUA E.T. BRAUNSTEIN
Assistant Director

By:     /s/
COLIN A. KISOR
Trial Attorney

Attorneys for the United States

FEDERAL DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 08-4220 PJH        6