THOMAS F. BERTRAND, State Bar No. 056560
RICHARD W. OSMAN, State Bar No. 167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

STEVEN M. WOODSIDE State Bar No. 58684
County Counsel
ANNE L. KECK, State Bar No. 136315
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Facsimile: (707) 565-2624

Attorneys for Defendants
County of Sonoma, Sheriff-Coroner William Cogbill, Deputy Sheriff Morris Eric Salkin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendants. | No. CV-08-4220-PJH<br><br>COUNTY DEFENDANTS' RESPONSE TO ORDER RE MEET AND CONFER PROCESS ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER<br><br>[Re Order Entered at Hearing Held on January 28, 2009, at 9:00 a.m., before the Honorable Phyllis J. Hamilton] |

Defendants the County of Sonoma, Sheriff-Coroner William Cogbill, and Deputy Sheriff Morris Eric Salkin (collectively, "County Defendants") hereby respond to the Court's Order issued from the bench at the hearing on Plaintiffs' Motion for Protective Order and for Bifurcation of Damages Issues (the "Motion") held on January 28, 2009. In brief, the parties' meet and confer process regarding a stipulated protective order was, unfortunately, unsuccessful. County Defendants accordingly request that the Court either decline to enter such an order, or enter their proposed Protective Order attached to the accompanying

Declaration of Anne L. Keck as Exhibit "A" to accommodate the competing interests of the parties. Concurrently, County Defendants also request that the Court decline to enter the protective order proposed by Plaintiffs, as such proposal is excessively over broad, is not supported by law, and is prejudicial to the rights and interests of Defendants.

## I.   SUMMARY OF MEET AND CONFER PROCESS

At the January 28, 2009, hearing on Plaintiffs' Motion, the Court indicated that three categories of information were properly the subject of a protective order on which discovery should be barred, and ordered the parties to meet and confer on the development of a stipulated protective order. The Court also directed the parties to resolve an issue that was not contained in Plaintiffs' Motion but was raised at the hearing: Plaintiffs proposal to maintain the anonymity of 38 witnesses identified as "Does" in their Initial Disclosures. The Court ordered that the parties submit a stipulated protective order that addressed these issues by February 27, 2009, or file briefs not to exceed 5 pages on that date to describe any points in contention if they were unable to reach a consensus.

Since the January 28th hearing, the parties have met and conferred once by telephone and several times via correspondence. County Defendants and Plaintiffs both proposed competing protective orders, which were revised during the meet and confer process to address concerns raised by the other parties. Federal Defendants did not propose their own version of a protective order, and have objected to each of the current proposals.

The parties' division on a legal issue is preventing them from reaching a consensus. Specifically, Plaintiffs believe that they can lawfully restrict Defendants' access to information Plaintiffs and their witnesses disclose, and can prevent such information from being used in immigration or other proceedings.[1] Defendants believe that restricting them

---

[1] Plaintiffs seek to restrict Defendants from accessing information unless they are witnesses, and only if such disclosure is "during the course of or, to the extent necessary in preparation for, depositions, testimony, or trial in this action...." Plaintiffs further seek to prohibit Defendants from retaining a copy of this information when the "preparation, deposition, or testimony is complete." (Declaration of Anne L. Keck, Exhibit "B", § B.4.e.)

2

from accessing such information would deprive them of their ability to effectively defend themselves against Plaintiffs' claims regarding their enforcement of immigration laws, and that applicable law prohibits restricting the transfer and use of such information.

## II.   MERITS OF COUNTY DEFENDANTS' PROPOSAL

County Defendants believe that the protective order they propose (consisting of just over 2 pages in substance) effectuates the terms of the Court's ruling by protecting the interests of Plaintiffs and their witnesses without unduly prejudicing Defendants. The proposal provides that Plaintiffs may designate themselves or their witnesses as a "Protected Person," which would then effectively bar Defendants from seeking discovery from them of information that the Court considered largely irrelevant to this proceeding (including immigration status, travel information, and applications to the INS, as well questions relating to citizenship and place of birth as requested by Plaintiffs). While all "Protected Persons" are required to identify themselves, they may refuse to disclose their addresses – to ameliorate any fears that an ICE agent would show up on their doorstep the next day. In return for refusing to disclose their addresses, "Protected Persons" would be subject to discovery requests and required to attend court appearances by serving the appropriate notice on counsel for Plaintiffs (since refusals to provide addresses would prevent Defendants from serving witnesses with subpoenas for documents or testimony).

During the meet and confer process, Plaintiffs also stated that they wished to protect against the disclosure of personal identifying information to the general public. Accordingly, County Defendants added Section 8 to their proposed protective order, which permits any person to designate personal or private identifying information as "COVERED BY PROTECTIVE ORDER" that would prevent such information from being disclosed to the general public absent consent of the person holding the privilege or order of the Court.

Finally, at the January 28th hearing, Plaintiffs' counsel Ms. Melissa Chan offered to stipulate that each person who withholds information regarding immigration status would admit to being an illegal alien for the purposes of this proceeding. Accordingly, County

Defendants' proposal includes a provision reflecting this offer, to counterbalance a witnesses' refusal to disclose such information. At present, it is unclear whether Plaintiffs' are reconsidering their offer, as they now object to this provision.

Plaintiffs do not argue that County Defendants' proposal fails to effectuate the Court's concerns; instead, they simply demand more than is justified under the circumstances.

### III. DEMERITS OF PLAINTIFFS' PROPOSAL

In their proposed protective order (consisting of more than 6 pages), Plaintiffs insist upon confidentiality provisions that are excessively over broad, based on their determination to prevent Defendants from accessing and using discoverable information. Specifically, Plaintiffs' proposal contains, *inter alia,* the following defects:

1. *Excessive Scope of Confidential Material.* The scope of information sought to be deemed "confidential" (Section B.1.a) not only exceeds the scope of information deemed largely irrelevant by the Court, but includes a "catch-all provision" (Section B.1.a.7) that would allow Plaintiffs to maintain relevant and discoverable information as confidential, and thereby restrict Defendants' access and use of such information.

2. *Lack of Confidential Materials or Privacy Interests.* Plaintiffs fail to identify any privacy or confidentiality interests that they or their witnesses could assert in any documents that they may seek to designate as "confidential". Contrary to Plaintiffs' assertions, the case of *Rivera v. NIBCO, Inc.* [364 F.3d 1057 (9th Cir. 2004)] does not create a privacy interest in information relating to immigration status. During the meet and confer process, Plaintiffs claimed that documents they would seek to claim as "confidential" include declarations by witnesses regarding Defendants' conduct, which Plaintiffs would present to the Court in support of their claims. County Defendants object to any attempts by Plaintiffs to designate declarations of witnesses or other testimony as "confidential" material.

3. *"Use" and "Prohibited Use" Provisions Contrary to Law.* Plaintiff's proposal, Sections B.2 and B.3, would prevent County Defendants from transmitting information regarding immigration status to ICE, which is prohibited by law. Pursuant to 8 U.S.C. § 1373, "a Federal, State or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual." (See also 8 U.S.C. §1644.)[2] Though Plaintiffs claim ICE would have such information by virtue of being a defendant herein, the access limitations of Section B.4.e would prevent ICE agents from obtaining such information unless necessary to prepare for their testimony. Plaintiffs' proposal also seeks to impinge upon County Defendants' use of information to enforce state and local laws as well.

4. *Defendants Precluded from Reviewing Relevant Information.* The "Access" provisions (Section B.4) prevent disclosing information learned in discovery to County

---

[2] The INS has been abolished, and all of its functions were transferred to the Department of Homeland Security, including ICE. (6 U.S.C. §291; 8 U.S.C. §1103(a)(1).)

Defendants unless necessary to prepare for a particular witnesses' testimony. County Defendants must have unlimited access to plaintiffs' discovery for purposes including but not limited to preparing for their own testimony (e.g., for strategy, consideration of settlement options, and audit/insurance notices).

5. *Unlimited Rights Granted to Third Parties to Declare Documents Confidential.* Plaintiffs' proposal, Section B.5, provides third parties with an unlimited right to designate documents as "confidential," pursuant to the catch-all provision of Section B.1.a.7, which will limit Defendants' access to and use of those documents.

6. *Unlimited Right to Declare Deposition Transcripts as Confidential.* Plaintiffs' proposal at Section B.6 provides that any person may designate a deposition transcript or portion thereof as confidential if it contains, "highly sensitive information." Such a term is not defined, is vague and ambiguous – and virtually unlimited.

Plaintiffs have not disclosed any protected privacy interests that could or should be subject to the extraordinary confidentiality provisions they demand, particularly in light of their own claims and causes of action herein. Further, the procedures described in Plaintiffs' proposal are unduly restrictive, burdensome, and prejudicial to Defendants.[3] As a whole, Plaintiffs' proposal interferes with Defendants' ability to effectively defend themselves in this action and to perform their legal duties.

## IV. CONCLUSION

Based on the foregoing, for the reasons stated in County Defendants' and Federal Defendants' Oppositions to Plaintiffs' Motion, and consistent with the Court's January 28, 2009, ruling on Plaintiffs' Motion, County Defendants request that the Court either: (1) decline to enter a protective order; or (2) enter County Defendants' proposed protective order, attached as Exhibit "A" to the accompanying Declaration of Anne L. Keck. In addition, County Defendants request that the Court decline to enter Plaintiffs' proposed protective order, and for such other and further relief as the Court deems just and proper.

Dated: February 27, 2009
STEVEN M. WOODSIDE, County Counsel

By: _____
ANNE L. KECK
Deputy County Counsel
Attorneys for County Defendants

---

[3] For example, see Plaintiffs' proposal Section B.4.g, requiring certain persons to be disclosed to Plaintiffs' counsel before "confidential" information can be released to them.