JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for the United States and
Defendants Wollman, Huelga and Merendino

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, FRANCISCO SANCHEZ-LOPEZ, CHRISTYAN SONATO-VEGA, and SAMUEL MEDEL MOYADO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SHERIFF-CORONER BILL COGBILL and DEPUTY SHERIFF MORRIS ERIC SALKIN, individually and in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; SPECIAL-AGENT-IN-CHARGE MARK WOLLMAN, SPECIAL AGENT MARIO HUELGA and SPECIAL AGENT CHRIS MERENDINO, individually and in their official capacities; DOES 1-50; and ROES 1-50, inclusive,<br><br>Defendants. | Case No. CV 08-4220 PJH<br>**DISCOVERY MATTER**<br><br>**REPLY MEMORANDUM BY FEDERAL DEFENDANTS WOLMAN, HUELGA, AND MERENDINO IN FURTHER SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER**<br><br>Date: April 22, 2009<br>Time: 9:00 am<br>Place: Courtroom 3--17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

## PRELIMINARY STATEMENT

Defendants, Special-Agent-in-Charge Mark Wollman, Special Agent Mario Huelga and Special Agent Chris Merendino (collectively, "Individual Federal Defendants"), hereby submit

REPLY MEMORANDUM BY INDIVIDUAL FEDERAL DEFENDANTS IN FURTHER SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER
Case No. C 08-4220 PJH

the following reply memorandum of points and authorities in further support of their motion for a protective order directing that their responses to Requests 8, 9 and 20 of Plaintiffs' Requests for the Production of Documents (First Set) will not be required until this Court issues a decision with respect to their pending motion to dismiss based on qualified immunity.  As set forth below, none of the arguments Plaintiffs have offered in opposition justify subjecting the Individual Federal Defendants to the irretrievable loss of immunity by forcing them to respond to potentially unnecessary discovery.  As a result, the Court should protect the substance of the qualified immunity defense and grant the Individual Federal Defendants' motion for a protective order in its entirety.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   THE INDIVIDUAL FEDERAL DEFENDANTS ARE NOT SEEKING A BLANKET STAY OF DISCOVERY**

The Individual Federal Defendants are not, as Plaintiffs contend, seeking a "wholesale stay" of all discovery.  By stipulation dated December 10, 2008, the Individual Federal Defendants agreed not to seek such a stay while Federal Defendants' motion to dismiss was pending, and they have not violated that agreement.  Docket No. 23.  However, the Individual Federal Defendants also expressly reserved their right to seek relief regarding discovery generated on a case-by-case basis. Id.  They asserted the defense of qualified immunity in their motion to dismiss and thus, in accordance with the parties' agreement, they are now seeking a limited order pertaining to three of the requests contained in Plaintiffs' Requests for the Production of Documents (First Set).  The Individual Federal Defendants are not seeking to block all discovery.  Indeed, ICE is in the process of responding to Plaintiffs' numerous Requests for the Production of Documents regarding Plaintiffs' APA claim and the claims for injunctive relief and (simultaneously herewith) has moved for additional time to collect, review and produce what could amount to thousands of responsive records.  ICE has already provided Plaintiffs with 688 pages of records as part of its initial disclosures.  ICE expects to produce the certified administrative record, containing approximately 2,000 pages, shortly.

REPLY MEMORANDUM BY INDIVIDUAL FEDERAL DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER
Case No. C 08-4220 PJH

Here, the Individual Federal Defendants raised the defense of qualified immunity at the earliest possible opportunity; i.e. by motion to dismiss the Complaint.  They are now seeking only to defer their responses to those Document Requests which pertain solely to the claims for money damages against them in their individual capacities.  Specifically, the Individual Federal Defendants seek an order regarding Requests for Production Nos. 8 ("[a]ll documents that comprise or are part of any ICE defendant's personnel file . ."), 9 ("[a]ll documents concerning complaints of officer misconduct or other complaints about officer behavior or other actions by ICE officers . . .") and 20 ("[a]ll documents describing any insurance pool or other coverage for costs arising out of this litigation."). [1]  These three requests do not address the conduct underlying plaintiffs' claims for relief and thus are not properly the subject of discovery from the Individual Federal Defendants at this stage, where they have raised the defense of qualified immunity.  *See*, *e.g.*, *Seigert v. Gilley*, 500 U.S. 226, 231 (1991)("once a defendant pleads a defense of qualified immunity . . . until this threshold immunity question is resolved, discovery should not be allowed.")  Instead of a stay of discovery, the Individual Federal Defendants are seeking a limited order directing that they will not have to submit to this potentially unnecessary discovery until after the Court has reached a decision on the qualified immunity arguments.  Because such a limited protective order would not bar discovery as to ICE but would prevent the irretrievable loss of immunity, the Court should grant the Individual Federal Defendants' motion for a protective order.

II. **FEDERAL DEFENDANTS HAVE NEVER "OBSTRUCTED"THE DISCOVERY PROCESS**

Plaintiffs' statement that Federal Defendants have "delayed the progress of this litigation" is simply wrong.  Once Plaintiffs' properly served the United States and the Individual Federal Defendants, counsel for the Federal Defendants participated in lengthy discussions with counsel

---

[1] Declaration of Ellen M. FitzGerald, dated April 7, 2009, filed concurrently, in further support of Federal Defendants' Motion for an Extension of Time to Respond to Discovery, Exhibit D.

REPLY MEMORANDUM BY INDIVIDUAL FEDERAL DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER
Case No. C 08-4220 PJH                 2


for both Plaintiffs and the County Defendants.  The parties could not reach an agreement on a summary adjudication process, and Federal Defendants moved to dismiss the Complaint, after first serving Plaintiffs with their Initial Disclosures.  The parties agreed that they would not seek a stay of discovery while the motion to dismiss was pending but reserved the right to challenge specific discovery requests on a case-by-case basis.  Docket. No. 23.  Thus, because Plaintiffs are seeking information that is inappropriate once qualified immunity is raised, the Individual Federal Defendants are seeking a limited order deferring their responses to three of Plaintiffs' 55 Document Requests until after the Court rules on the issue of qualified immunity.  The Court should preserve the substance of the immunity defense and grant the Individual Federal Defendants' motion.

### III.    CONCLUSION

For the foregoing reasons, and the reasons set forth in the Individual Federal Defendants' main Memorandum of Points and Authorities, this Court should enter an order that the Individual Federal Defendants shall not be required to serve their responses to Requests Nos. 8, 9 and 20 of Plaintiffs' Requests for the Production of Documents (First Set) until such time as the Court has issued its order on the Federal Defendants' pending motion to dismiss and resolves the threshold issues of qualified immunity and subject matter jurisdiction, and the Court should grant such other and further relief as the Court may deem just and proper.

DATED:  April 8, 2009                     Respectfully submitted,

                                                       JOSEPH P. RUSSONIELLO
                                                       United States Attorney

                                By:         /s/
                                         ELLEN M. FITZGERALD
                                         Assistant United States Attorney

                                         Attorneys for the United States
                                         and Defendants Wolman, Huelga
                                         and Merendino