JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for the United States and
Defendants Wollman, Huelga and Merendino

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, FRANCISCO SANCHEZ-LOPEZ, CHRISTYAN SONATO-VEGA, and SAMUEL MEDEL MOYADO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SHERIFF-CORONER BILL COGBILL and DEPUTY SHERIFF MORRIS ERIC SALKIN, individually and in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; SPECIAL-AGENT-IN-CHARGE MARK WOLLMAN, SPECIAL AGENT MARIO HUELGA and SPECIAL AGENT CHRIS MERENDINO, individually and in their official capacities; DOES 1-50; and ROES 1-50, inclusive,<br><br>Defendants.<br>_____ | Case No. CV 08-4220 PJH<br><br>**[PROPOSED] ORDER GRANTING MOTION BY FEDERAL DEFENDANTS WOLMAN, HUELGA AND MERENDINO FOR PROTECTIVE ORDER** |

This case comes before the Court on the motion by the Federal Defendants, Special-Agent-in-Charge Mark Wollman, Special Agent Mario Huelga and Special Agent Chris Merendino (collectively, "Individual Federal Defendants") for a protective order that discovery

[PROPOSED] ORDER GRANTING MOTION BY FEDERAL DEFENDANTS WOLMAN, HUELGA AND
MERENDINO FOR PROTECTIVE ORDER
Case No. C 08-4220 PJH

1  not be had as to them and to the claims against them in their personal capacities until this Court
2  issues a decision with respect to their pending motion to dismiss plaintiffs' claims on the basis of
3  qualified immunity and subject matter jurisdiction.  For the reasons stated below, the Individual
4  Federal Defendants' Motion is GRANTED.

**I.  BACKGROUND**

By their Complaint, Plaintiffs, the Committee for Immigrant Rights of Sonoma County, Francisco Sanchez-Lopez, Christian Sonato-Vega, and Samuel Medel Moyado, bring a claim under the Administrative Procedures Act which challenges whether the Immigration and Nationality Act ("INA"), 8 U.S.C § 1101 et. seq., broadly authorizes the Secretary of Homeland Security to issue detainers for aliens in the custody of State or local law enforcement agencies. The individual Plaintiffs are aliens who were detained in the Sonoma County Jail before being transferred to the custody of Immigration and Customs Enforcement pursuant to detainers issued under 8 C.F.R. § 287.7.  Plaintiffs are also asserting claims against Defendants Wolman, Huelga and Merendino in their individual capacities for alleged constitutional violations under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiffs further allege claims against the Individual Federal Defendants for deprivation of civil rights under 42 U.S.C. §§ 1983 and 1985(3).

By stipulation dated December 10, 2008, the parties agreed that all Defendants would have an extension of time, to on or before January 28, 2009, to answer or otherwise respond to the complaint (Docket No. 14).  The parties further agreed that if Defendants served a motion to dismiss, they would not seek a stay of discovery during the briefing and hearing process but all parties reserved the right to seek relief from the Court regarding discovery generated on a case-by-case basis during the briefing period and thereafter (Docket No. 14).  On or about January 28, 2009, the Individual Federal Defendants served a motion to dismiss plaintiffs' claims against them based on qualified immunity and lack of subject matter jurisdiction (Dkt. No. 31).

On or about January 27, 2009, Plaintiffs served Federal Defendants with 55 Requests for the Production of Documents.  Several of Plaintiffs' broad-based Requests for Production seek

the production of information pertaining to the <u>Bivens</u> claims for which the Individual Federal Defendants are seeking qualified immunity and the claims arising under 42 U.S.C. §§ 1983 and 1985, which the Individual federal Defendants are moving to dismiss for lack of jurisdiction. For example, Request No. 8 seeks:

> All documents that comprise or are part of any ICE defendant's personnel file, including but not limited to disciplinary records and documents related to any defendant's duties, assignments, performance reviews and evaluations, outside agency investigations into misconduct, public comments or criticism, complaint files, and training, including training regarding stops, warrantless searches or seizures, racial profiling and gang activity.

Other requests seek the production of documents and internal affairs investigations related to allegations of officer misconduct. Request No. 20 seeks "all documents describing any insurance pool or other costs for coverage arising out of this litigation."

## II.  DISCUSSION

### A.  THE STANDARD ON A MOTION FOR PROTECTIVE ORDER

This Court has the authority and discretion under Fed. R. Civ. P. 26(c) to limit discovery. <u>Phillips ex rel. Estates of Byrd v. General Motors Corp</u>., 307 F.3d 1206, 1210-1 (9th Cir. 2002). A protective order is intended "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense . . ." Fed. R. Civ. P. 26(c). A district court can "permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." <u>Ellingson Timber Co. v. Great N. Ry. Co</u>., 424 F.2d 497, 499 (9th Cir. 1970) (Rule 42(b) case); <u>Volk v. D.A. Davidson & Co</u>., 816 F.2d 1406, 1416-17 (9th Cir. 1987) ("A district court has wide latitude in controlling discovery. . . ."); <u>Petrus v. Bowen</u>, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (citation omitted); <u>Tilley v. United States</u>, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.") (citations omitted).

Particularly when a threshold subject matter jurisdictional question is raised by a motion

to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first. Alaska Cargo Transp., Inc. v. Alaska R.R. Corp., 5 F.3d 378, 383 (9th Cir. 1993) (upholding stay of discovery of issues unrelated to subject matter jurisdiction until district court resolved motion to dismiss for lack of subject matter jurisdiction); Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) (district court can stay discovery of issues unrelated to jurisdiction).

**B.     PROTECTIVE ORDER DEFERRING DISCOVERY FOR DEFENDANTS WOLMAN, HUELGA AND MERENDINO**

Qualified immunity protects officials not only from liability, but also from discovery and the entire litigation process. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (citing Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). Accordingly, courts must resolve immunity defenses "at the earliest possible stage in litigation," Hunter v. Bryant, 502 U.S. 224, 227 (1991), and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Harlow, 457 U.S. at 818; accord Mitchell, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("[T]he trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."). This Court will therefore defer discovery against the Individual Federal Defendants pertaining to the claims against them in their personal capacities until after it first resolves the Individual Federal Defendants' motion to dismiss based on qualified immunity. See Harlow, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed.").

Also, where, as here, the Individual Federal Defendants have moved to dismiss Plaintiffs' claims under 42 U.S.C. §§ 1983 and 1985 for lack of jurisdiction, the Court will exercise its discretion to defer discovery pertaining to those claims against them in their individual capacities until it resolves the pending jurisdictional issue first. Alaska Cargo Transp., Inc. v. Alaska R.R.

Corp., 5 F.3d 378, 383 (9th Cir. 1993) (upholding stay of discovery of issues unrelated to subject matter jurisdiction until district court resolved motion to dismiss for lack of subject matter jurisdiction); Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) (district court can stay discovery of issues unrelated to jurisdiction).

### III.   CONCLUSION

For the reasons set forth herein, the motion by the Individual Federal Defendants for a protective order that discovery not be had as to them and the claims against them in their personal capacities is hereby GRANTED.  All discovery against the Individual Federal Defendants is hereby deferred until such time as the Court issues its ruling on the Federal Defendants' pending motion to dismiss.

SO ORDERED.

DATED: 4/20/09



HON
United