|   |   |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, et al., | No. C 08-4220 PJH |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL COMPLIANCE WITH COURT ORDER; AND GRANTING MOTION FOR AN EXTENSION OF TIME TO RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. |   |
| COUNTY OF SONOMA, et al., |   |
| Defendants. |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before the court are a motion to compel compliance with court order and a motion for an extension of time to respond to Requests for Production of Documents filed by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Special Agent-In-Charge Mark Wollman, Special Agent Mario Huelga and Special Agent Chris Merendino (collectively "Federal Defendants"). Plaintiffs, Committee for Immigrant Rights of Sonoma County, Francisco Sanchez-Lopez, Christyan Sonato-Vega and Samuel Medel Moyado (collectively "plaintiffs") oppose the motions. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of June 24, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Federal Defendants' motion to compel compliance with court order is DENIED, and Federal Defendants' motion for an extension of time to respond to Requests for Production of Documents is GRANTED.

**BACKGROUND**

On September 5, 2008, plaintiffs brought this action against Federal Defendants and the County of Sonoma, Sheriff-Coroner Bill Cogbill and Deputy Sheriff Morris Eric Salkin (collectively "County Defendants"), alleging seventeen claims for relief including, civil rights violations (e.g., unreasonable search and seizure, equal protection, due process), Bivens

claims (e.g., unreasonable search and seizure, equal protection, due process) and various state law claims. See generally Compl.

Plaintiffs allege that the Bureau of Immigration and Customs Enforcement ("ICE") and the Sonoma County Sheriff's Department have been working together over the past three years to enforce civil immigration laws against Latinos in excess of local authority, violating the constitutional and statutory rights of Latino residents in Sonoma County. Compl. ¶¶ 1, 20.[1] Specifically, plaintiffs challenge the following policies: (1) Sheriff's deputies and ICE agents using race as a motivating factor for traffic stops and other detentions; (2) Sheriff's deputies and ICE agents stopping, interrogating, searching, and arresting individuals without warrants or adequate justification; (3) Sheriff's deputies arresting and holding individuals in the County jail without any lawful basis for detention; and (4) denial of due process of individuals arrested on suspected immigration violations and improperly held in the custody of the Sheriff. Id. ¶ 1. Through this action, plaintiffs seek to end defendants' unlawful and discriminatory policies and practices as well as monetary damages for individual plaintiffs. Id. ¶ 3.

On December 15, 2008, plaintiffs moved for a protective order limiting discovery regarding the immigration status of individual plaintiffs and potential witnesses. Specifically, plaintiffs sought an order prohibiting all direct questions about immigration status as well as discovery that seeks to elicit information closely bearing on or calculated to reveal such information, including, but not limited to inquiries regarding: (a) immigration status; (b) social security numbers, tax identification numbers, or work authorization; (c) passports, driver's licenses, identification cards and related documentation; (d) citizenship or place of birth; (e) veracity of documents with respect to passport, social security numbers, driver's license, place of birth or related information; (f) whether, when, where or how an individual has ever left or entered the United States or otherwise traveled; (g) application, if any, to the Immigration and Naturalization Service for the individuals or family

---

[1] According to plaintiffs, the collaboration takes place in two ways: (1) Sheriff's deputies participate in joint patrols with ICE agents that specifically target Latino residents of Sonoma County, and (2) Sheriff's deputies identify and arrest persons suspected of being unauthorized non-citizens outside the presence of ICE officers, but with the agency's approval. Compl. ¶ 20.

2

members thereof; and (h) whether the individual has ever worked without authorization in the United States under a different name or with false documentation.

At the hearing on the motion, the court, among other things, determined that plaintiffs' proposed protective order was overbroad, particularly to the extent that it sought to prohibit Federal Defendants from discovering evidence relevant to the credibility and bias of witnesses; noting that because the credibility of witnesses will be an important part of this case – inasmuch as eyewitness testimony of the complained-of arrests will be important in determining whether the arrests and seizures were lawful – the court was not persuaded by plaintiffs' suggestion that the fear of deportation necessarily outweighed the defendants right to confront witnesses against them.  The court, however, noted that some protection appeared warranted, given that some of the information sought to be protected appeared irrelevant to the dispute before the court.

Accordingly, the court tentatively found that information sought in sections a, d, f & g of plaintiffs' proposed protective order did not appear necessary to the case, thereby indicating a willingness to grant the protective order with respect to these provisions.  The court further indicated that it was not inclined to include sections b, c & e in any protective order.  As to section (h), the court indicated that questions seeking to elicit information about whether an individual has ever worked without authorization in the United States under a different name or with false documentation would result in the invocation of the Fifth Amendment privilege, thereby indicating that a protective order with respect to this provision appeared unnecessary.

Because most protective orders are negotiated by the parties, the court instructed the parties to meet and confer to attempt to resolve their differences.  To the extent that the parties could not reach an agreement, the court directed the parties to submit further briefing on this issue, including a revised proposed protective order and their respective arguments as to why certain information should or should not be protected.

On February 27, 2009, plaintiffs, Federal Defendants and County Defendants each submitted briefs stating that they were unable to resolve their disputes regarding the protective order.  Plaintiffs submitted a revised protective order, which neither Federal

Defendants nor County Defendants agreed to. County Defendants, for their part, also objected to plaintiffs' revised protective order, and submitted a protective order of their own. Neither plaintiffs nor Federal Defendants agreed to this protective order.

On April 22, 2009, a further hearing was held on plaintiffs' motion for a protective order. At the hearing, the court, among other things, ruled that the identity of plaintiffs' Doe witnesses are discoverable. On April 24, 2009, the court issued an order rejecting the protective orders proposed by plaintiffs and County Defendants, for the reasons stated on the record at the April 22, 2009 hearing. With regard to the original protective order proposed by plaintiffs, the court found good cause to limit defendants' discovery of information pertaining to the immigration status of plaintiffs' witnesses in this matter (noting, however, that this finding does not apply to the three individual plaintiffs as the defendants already have information about their immigration status). Accordingly, the court ordered that defendants may not attempt to elicit from witnesses in discovery, the following information: (1) immigration status, (2) citizenship or place of birth, (3) whether, when, where or how a witness has ever left or entered the United States or otherwise traveled, and (4) applications, if any, to the Immigration and Naturalization Service (or its successor agency) of witnesses or their family members. The court denied plaintiffs' request to similarly bar inquiry into other designated subjects.

On May 18, 2009, Federal Defendants filed a motion to compel compliance with the court's ruling on April 22, 2009, and a motion requesting an extension of time to respond to plaintiffs' fifty-five Requests for the Production of Documents. On June 1, 2009, County Defendants filed a motion for joinder in Federal Defendants motion to compel compliance with court order.[2] Plaintiffs filed an opposition on June 3, 2009. Replies were filed on June 10, 2009. with court order. Plaintiffs filed an opposition on June 3, 2009. Replies were filed on June 10, 2009.

---

[2] While County Defendants join Federal Defendants' motion to compel compliance with court order, they request alternate relief; namely, that plaintiffs be required to provide the names and contact information of each of the remaining 35 Doe witnesses originally listed in their initial disclosures, to be filed under seal with the court without disclosure to any other person or party, and that such witnesses not be permitted to provide evidence in this matter absent a finding of good cause.

**DISCUSSION**

Federal Defendants move for an order compelling compliance with the court's April 22, 2009 oral ruling that the identity of plaintiffs' Doe witnesses are discoverable. Specifically, Federal Defendants seek an order compelling plaintiffs to comply with Rule 26(a)(1)(A)(I) and provide the names, addresses and telephone numbers of their Doe witnesses listed in their initial disclosures. In addition, Federal Defendants move for a 60-day extension of time, until July 15, 2009, to respond to Requests for the Production of Documents. The court addresses each of these issues in turn below.

A.   Motion to Compel Compliance with Court Order

The parties do not dispute that the court, on April 22, 2009, ruled that the identity of plaintiffs' Doe witnesses are discoverable. See Decl. Ellen Fitzgerald, Exh. B. Rather, the parties dispute whether this ruling requires plaintiffs to disclose the identity of their Doe witnesses that they originally included as part of their Rule 26 initial disclosures, but whose names have subsequently been removed from their amended initial disclosures.

Having reviewed the transcript from the April 22, 2009 hearing, the court hereby denies Federal Defendants' motion to compel compliance with court order. While the court found the identities of plaintiffs' Doe witnesses discoverable and subject to the initial disclosure requirements, this finding was based on an assumption that plaintiffs intended to call these witnesses at trial. Federal Defendants have presented no persuasive argument or authority holding that disclosure of the identity of plaintiffs' Doe witnesses is required under the circumstances that now exist. Rule 26 only requires a party to disclose the names and, if known, the addresses and telephone numbers of individuals "likely to have discoverable information" that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Fed.R.Civ.P. 26(a)(1)(A)(i). Rule 26 also imposes a duty on parties to supplement their Rule 26(a) disclosures if the party learns that its disclosures are incomplete or incorrect. Fed.R.Civ.P. 26(e)(1). There is no obligation, however, under Rule 26 to do the adversary's work and disclose witnesses harmful to the disclosing party's case. See Adv. Comm. Notes to 2000 Amendments to Fed.R.Civ.P. 26(a)(1).

The court sees nothing wrong in plaintiffs withdrawing the Doe witnesses from their initial disclosures if they no longer plan to use the witnesses to support their claims. However, the court cautions plaintiffs that the sanction for failure to provide initial disclosures is that the party cannot use an undisclosed witness to support any claim – which means the witness' testimony cannot be used as evidence in any motion, at a hearing, or at trial, unless plaintiffs show that the non-disclosure is "substantially justified" or "harmless." Fed.R.Civ.P. 37(c)(1); Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008). The court further cautions plaintiffs that the exception in Rule 26(a) for evidence used "solely for impeachment" is not equivalent to evidence used for "rebuttal"; "impeachment" in this context refers to attacks on the credibility of a witness. See Hagan v. California Forensic Medical Group, 2009 WL 689740, *2 (E.D. Cal. 2009) (citing Black's Law Dictionary 597 (8th ed. 2004)). Thus, plaintiffs will not be permitted to use an undisclosed witness to supply evidence to prove any element of their claims in any motion, at a hearing, or at trial, unless they demonstrate that their failure to disclose such witness was "substantially justified" or "harmless." See Hagan, 2009 WL 689740 at *2 (disclosure of witnesses mandatory where declarations were being used substantively, i.e., to prove element of claim, rather than for impeachment) ; see also Marin v. Evans, 2008 WL 2937424, *7 (E.D. Wash. 2008) ("Since Plaintiffs are relying on these persons to prove the elements of their claims, it is inconceivable that these individuals would not need to be disclosed."); Newsome v. Penske Truck Leasing Corp., 437 F.Supp.2d 431, 435 (D. MD. 2006) (while there is no obligation to disclose witnesses to be "used solely for impeachment," disclosure is required if the same witnesses may also be used to support any party's claims or defenses).

To the extent that Federal Defendants contend they are entitled to discover the identity of plaintiffs' Doe witnesses under Rule 26(b)(1), which states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including . . . the identity and location of persons who know of any discoverable matter"), Federal Defendants have not provided a basis for the court to compel the

disclosure of such information.  Federal Defendants are moving to compel disclosure based solely on the court's April 22, 2009 ruling, not pursuant to Rule 37(a).  It is not apparent to the court that a Rule 26(b)(1) request has actually been made and thus, whether Federal Defendants are entitled to discover the identity of plaintiffs' Doe witnesses through a properly propounded discovery request is not currently before the court.

Accordingly, Federal Defendants' motion to compel compliance with this court's April 22, 2009 order is DENIED.

B.    Motion for Extension of Time

Federal Defendants request that the court grant them a 60-day extension of time to respond to Requests for the Production of Documents on the basis that they have recently identified additional potentially responsive documents, and that ICE is currently reviewing these documents and redacting them for privileges.  According to Federal Defendants, they cannot provide unredacted copies of the documents requested without a protective order as such disclosure would violate the Privacy Act of 1974, 5 U.S.C. § 552(a).

The court grants Federal Defendants request for an extension of time.  The court finds that the additional time requested is reasonable, supported by good cause, and, on balance, the burden to plaintiffs from the short extension requested is minimal.  Indeed, plaintiffs have not articulated any prejudice that would result from the extension of time.

Accordingly, Federal Defendants' motion for an extension of time to respond to Requests for the Production of Documents is GRANTED.  Federal Defendants have until July 15, 2009, to provide plaintiffs with responsive, non-privileged documents.

## CONCLUSION

For the reasons stated above, Federal Defendants' motion to compel compliance with court order is DENIED, and Federal Defendants' motion for an extension of time to respond to Requests for Production of Documents is GRANTED.

**IT IS SO ORDERED.**

Dated: June 23, 2009

PHYLLIS J. HAMILTON
United States District Judge