1  THOMAS F. BERTRAND, State Bar No. 056560
   RICHARD W. OSMAN, State Bar No. 167993
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde street
   San Francisco, CA 94109
4  Telephone: (415) 353-0999
   Facsimile: (415) 353-0990
5  E-mail: rosman@bfesf.com

6  STEVEN M. WOODSIDE State Bar No. 58684
   County Counsel
7  ANNE L. KECK, State Bar No. 136315
   Deputy County Counsel
8  County of Sonoma
   575 Administration Drive, Room 105
9  Santa Rosa, California 95403-2815
   Telephone: (707) 565-2421
10 Facsimile: (707) 565-2624
   E-mail: akeck@sonoma-county.org
11
   Attorneys for Defendants
12 County of Sonoma, Sheriff-Coroner William
   Cogbill, Deputy Sheriff Morris Eric Salkin
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16 COMMITTEE FOR IMMIGRANT RIGHTS          Discovery Matter
   OF SONOMA COUNTY, et al.,               No.  CV-08-4220-PJH
17
            Plaintiffs,                    **COUNTY DEFENDANTS' REPLY RE**
18                                         **MOTION FOR PROTECTIVE ORDER;**
   v.                                      **REQUEST TO RESOLVE THRESHOLD**
19                                         **DISCOVERY ISSUES RE APPLICABILITY**
   COUNTY OF SONOMA, et al.,               **OF *IQBAL***
20
            Defendants.                    Date:   July 29, 2009
21 _____/       Time:   9:00 a.m.
                                           Place:  Courtroom 3, 17th Floor
22                                         Judge:  The Honorable Phyllis J. Hamilton

23      Defendants the County of Sonoma, Sonoma County Sheriff-Coroner William Cogbill, and

24 Deputy Sheriff Morris Eric Salkin (collectively, "County Defendants") hereby submit their Reply to

25 Plaintiffs' Opposition to County Defendants' Motion for Protective Order (Docket No. 99).  In

26 addition, County Defendants also request that the Court resolve threshold discovery issues regarding

27 the applicability of *Iqbal v. Ashcroft* [129 S.Ct. 1937 (May 18, 2009)] to preclude Plaintiffs from

28 compelling discovery until they have satisfied their pleading obligations under Federal Rule of Civil

1  Procedure ("FRCP") Rule 8.  This latter request is made pursuant to FRCP Rules 1 and 26(c)(1), for

2  the purpose of securing the just, speedy and inexpensive determination of this discovery issue.

### I.

### <u>INTRODUCTION</u>

5       The Supreme Court's recent decision in *Iqbal v. Ashcroft* [129 S.Ct. 1937 (May 18, 2009)]

6  stands for the proposition that Plaintiffs must satisfy their pleading obligations under Rule 8 before

7  they can compel Defendants to provide additional discovery in this case.  The posture of this case is

8  also significant, as Defendants have challenged the sufficiency of allegations relating to all causes of

9  action contained in Plaintiffs' Complaint through their Motions to Dismiss and Motion for More

10  Definite Statement, which remain submitted with the Court (hereinafter, the "Submitted Motions").

11  In addition, at the hearing on the Submitted Motions held on April 22, 2009, the Court expressed its

12  intent to require Plaintiffs to amend their Complaint due to its lack of specificity and uncertainty.

13  Indeed, the Complaint is so deficient that County Defendants are unable to determine which claims are

14  alleged by which Plaintiffs against which Defendants, thus preventing them from identifying which

15  defenses to raise in a motion to dismiss or otherwise.[1]

16       The poor state of the Complaint also prevents County Defendants from determining the

17  appropriate scope and limits of discovery, as it is unclear which, if any, of Plaintiffs' causes of action

18  would or could survive, and what the remaining Complaint will allege.  Plaintiffs argue that they are

19  entitled to obtain discovery from Defendants to enable them to plead causes of action against County

20  Defendants.  Indeed, it now appears that Plaintiffs do not now, nor did they ever, have knowledge of

21  sufficient facts to allege claims against County Defendants.  At the very least, *Iqbal* precludes

22  Plaintiffs from conducting just this type of fishing expedition under the guise of discovery to obtain

23  facts to re-formulate the conclusory and speculative allegations contained in their Complaint.

---

26      [1]     For example, County Defendants did not raise immunity defenses in their Motion to
27  Dismiss due to the guesswork the Complaint would require in this regard. (See transcript of April
22, 2009, hearing, Exhibit "C" to the accompanying Declaration of Anne L. Keck in Support of
28  County Defendants' Reply re Motion for Protective Order; Request to Resolve Threshold Discovery
Issues Re Applicability of *Iqbal* ("Keck Declaration"), TR. at p. 54.)

1   Despite both written and oral attempts to resolve how and to what extent the *Iqbal* decision

2   applies to Plaintiffs' discovery demands in this case, the parties have been unable to reach a

3   resolution. [See Keck Declaration, ¶¶2-7.]  Since the filing of the instant Motion, Plaintiffs have now

4   filed a motion to compel against County Defendants, set for hearing on August 12, 2009, which raises

5   the applicability of *Iqbal* as a threshold issue.[2]   Further, as discussed during a meet and confer

6   process, the parties expect a third discovery motion to be filed regarding the applicability of *Iqbal* to

7   discovery Plaintiffs seek from the Federal Defendants.  Indeed, if *Iqbal* does act as a temporary bar to

8   discovery, neither County Defendants nor Federal Defendants should be required to respond to any of

9   Plaintiffs' discovery requests or motions to compel, pending Plaintiffs' satisfaction of Rule 8

10  requirements.

11      Accordingly, County Defendants request that the Court resolve the threshold issues of *Iqbal's*

12  applicability to this case in connection with their Motion, which will obviate the need to resolve

13  duplicative and redundant discovery motions that are waiting in the wings.  The threshold issues can

14  be described as follows:

15      1.   Under the *Iqbal v. Ashcroft* decision, and in light of the pending motions to dismiss and
          motion for more definite statement, can Plaintiffs require/compel Defendants to provide
16        discovery before Plaintiffs satisfy their Rule 8 pleading obligations?

17      2.   If the answer to question number 1 is "no", then at what point can Plaintiffs
          require/compel Defendants to provide discovery?

18

19      With respect to the first issue, County Defendants believe that *Iqbal* precludes Plaintiffs from

20  requiring or compelling County Defendants to provide additional discovery until Plaintiffs have

21  satisfied their pleading obligations under Rule 8, which will allow the parties to determine the relevant

22  scope of discovery.  As to the second issue, Plaintiffs should be permitted to proceed with discovery

23  requests only after their Complaint is no longer subject to challenge on the grounds of sufficiency (i.e.,

24  either upon expiration of the time to file responsive motions and in the absence of such motions, or

25  upon the filing of an answer by the defendant against whom discovery is sought).

26  ─────────────

27      [2]      See "Plaintiffs' Motion to Compel County Defendants' Production of Documents in
    Response to Plaintiffs' Request for Production (Set One) and Deposition of County of Sonoma
28  Pursuant to Fed.R.Civ.P. 30(b)(6)," Docket No. 102,  filed on July 8, 2009, set for hearing on
    August 12, 1009.

1

2

## II.

## LEGAL DISCUSSION

3     **A.      Under *Iqbal*, Plaintiffs Cannot Require/Compel Defendants to Provide Discovery
            Before Plaintiffs Satisfy Their Rule 8 Pleading Obligations**

4

5          County Defendants believe the ruling in *Iqbal* is clear and unambiguous: Plaintiffs are required

6    to satisfy their pleading obligations under Rule 8 prior to obtaining discovery from Defendants. (*Iqbal*

7    *v. Ashcroft*, 129 S.Ct. 1937, 1953-1954 (May 18, 2009).) The posture of this case is also significant, as

8    the Court has indicated its belief that Plaintiffs failed to satisfy their Rule 8 pleading obligations, as

9    the Complaint is deficient and lacks specificity.[3]  In addition, County Defendants anticipate that the

10   Court will resolve legal issues in connection with the Submitted Motions that will preclude Plaintiffs

11   from pursuing several of their causes of action.  For these reasons, the mandates of *Iqbal* prevent

12   Plaintiffs from compelling County Defendants to provide additional discovery at this time.

13          The only case County Defendants found that interprets *Iqbal's* impact on a discovery dispute is

14   an unpublished decision out of the United States District Court for the District of Utah, Central

15   Division, styled *Albion International, Inc. v. American International Chemical, Inc.*, slip copy, 2009

16   WL 1505285 (D. Utah, May 28, 2009).   In that case, the District Court found that a plaintiff could not

17   obtain discovery for claims relating to false advertising with respect to certain mineral products, as

18   those claims were based on mere conclusory allegations about those products.  Relying on *Iqbal*, the

19   Court held that it  "does not believe that Albion's [plaintiff's] bare allegation alone can 'unlock the

20   doors of discovery.'" (*Id.*, at p. 2.)

21          Despite the fact that this rationale appears to apply with equal force to the instant case,

22   Plaintiffs argue *Iqbal* does not apply to them based on its dissimilar facts.  In addition, they argue that

23   they should be permitted to compel Defendants to provide discovery *before* they meet their pleading

24   obligations, to *allow* them to meet their pleading obligations.[4]  To support their position, Plaintiffs

25   _____

26          [3]        See Keck Declaration, Exhibit "C", TR. at p. 55.

27          [4]        In their Opposition, Plaintiffs also raise numerous claims that County Defendants
     have not responded to their requests for production of documents.  County Defendants object to

28   those allegations, as they are unjustified and unjustifiable.  However, because they are irrelevant for
     the purposes of the instant motion for protective order, they shall not be addressed herein.

posit four arguments.  A review of those arguments demonstrate that Plaintiffs should be precluded

from conducting further discovery at present, based on the following.

### 1. County Defendants Should Not be Required to Expend Public Resources in Responding to Discovery Until Plaintiffs have Satisfied Rule 8

Plaintiffs appear to argue that County Defendants have not demonstrated a specific prejudice

or harm that would result if the requested protective order was not granted. [Opposition, 4:11-13.]  As

stated in County Defendants' moving papers, they will suffer undue burden and incur unnecessary

costs if required to respond to discovery on illusory claims – which results in a misuse and waste of

public resources.  The burden and expense of responding to discovery is more than sufficient to

demonstrate good cause for the protective order sought herein.  In fact, the Supreme Court in *Twombly*

expressly recognized that defendants should not be required to expend resources in responding to

discovery requests regarding factual issues unless plaintiffs have first alleged a cause of action upon

which relief could be granted. (*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1966-1967 (2007).)

In addition, the possibility that plaintiffs could extract "an *in terrorem* increment of the settlement

value" due to the time and expense of responding to discovery also serves as a justification for first

requiring Plaintiffs to meet their pleading obligations prior to allowing them to compel discovery. (*Id.*)

In the instant case, Plaintiffs' Amended Notice of Deposition calls for at least 10 county

witnesses, and its related document production request seeks 55 categories of documents (one with as

many as 28 sub-parts), from July 17, 2003, to the present.  The burden and high cost incurred in

responding to these extraordinarily broad requests (and attempting to resolve disputes regarding them)

is particularly troubling during the current economic and budgetary crisis.  To require County

Defendants to expend vast resources to respond to Plaintiffs' discovery requests when Plaintiffs have

failed to meet even the minimum pleading standards would be inequitable.

### 2. Plaintiffs Will Not Suffer Prejudice in Delaying Their Requested Discovery Pending Satisfaction of Their Pleading Obligations Under Rule 8

Plaintiffs argue that the harm in delaying discovery outweighs the possibility that dispositive

motions would ultimately eliminate the need for discovery. [Opposition, 4:18-25.]  Yet, Plaintiffs do

not identify any harm or prejudice that would result to them if discovery were delayed pending their

satisfaction of Rule 8 requirements.  Indeed, the rule announced in *Iqbal* focuses on the sufficiency of

1  Plaintiffs' Complaint, rather than the nature of the dispositive motions, as being the factor that would

2  trigger discovery: if Plaintiffs have not complied with Rule 8 to sufficiently allege a cause of action,

3  they are not entitled to discovery. (*Iqbal*, 129 S.Ct. at 1953-1954.)  As Plaintiffs do not claim that a

4  delay in discovery will prejudice them, the balance of the equities weighs strongly in favor of

5  requiring them to satisfy their pleading obligations before allowing them to compel further discovery.

6  **3.     The Factual Circumstances of *Iqbal* Do Not Render it Inapplicable to the Instant Case**

7

8  Plaintiffs also argue that the facts and circumstances present in *Iqbal* are so different from

9  those of the instant case that it is simply inapplicable herein.  In other words, Plaintiffs argue that the

10 standards the *Iqbal* Court discussed are only applicable to cases that are factually or procedurally

   similar to those present in *Iqbal*.

11

12 Plaintiffs fail to mention that the *Iqbal* Court addressed this very issue with respect to the

13 applicability of the *Twombly* case to non-antitrust cases, and rejected it.  Specifically, the Court stated:

14 Respondent first says that our decision in *Twombly* should be limited to pleadings made
   in the context of an antitrust dispute. [cite omitted] This argument is not supported by
15 *Twombly* and is incompatible with the Federal Rules of Civil Procedure.  Though
   *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision
16 was based on our interpretation and application of Rule 8. [cite omitted] That rule in
   turn governs the pleading standard "in all civil actions and proceedings in the United
17 States district dourts." Fed. Rule Civ. Proc. 1. Our decision in *Twombly* expounded the
   pleading standard for "all civil actions" *Ibid*., and it applies to antitrust and
18 discrimination suits alike. [cite omitted]

19 (*Iqbal,* 129 S.Ct. at 1953.)

20 Likewise, the pleading and discovery standards announced in *Iqbal* do not apply (and were not

21 intended to apply) only to cases that are factually or procedurally identical to that case, but were

22 intended to be general standards applicable "in all civil actions and proceedings in the United States

23 district courts." (Fed. Rule Civ. Proc. 1.)  A brief review of the plethora of cases that have cited and

   relied on *Iqbal* since its issuance demonstrates that it is applicable to all types of cases, including ours.

24 Nevertheless, Plaintiffs proceed to argue the rule of law announced in *Iqbal* does not apply to

25 the instant case because it is factually dissimilar in four ways. [Opposition, 5:8-12, *et seq.*]  While

26 County Defendants believe the factual context of *Iqbal* is not determinative, a review of the issues

27 Plaintiffs raise demonstrates *Iqbal's* applicability herein:

28

a.   *Iqbal involved two high-level officials.*  Plaintiffs allege that *Iqbal* is distinguishable because it involved two high-ranking government officials.  In the instant case, Plaintiffs have sued Sonoma County Sheriff-Coroner William Cogbill, both in his official as well as his personal capacity.  Sheriff Cogbill is the highest ranking law enforcement officer of the County of Sonoma.[5]  Unlike the officials sued in the *Iqbal* case, Sheriff Cogbill is an elected official, serving at the will of the People of Sonoma County.  Though Deputy Sheriff M. Eric Salkin is not an elected official, he acts under the Office of Sheriff. (See Cal. Govt. Code §§ 7, 24100.)

b.   *Iqbal was decided in the context of an unprecedented national and international security emergency.*  Plaintiffs make much out of the fact that the *Iqbal* Court spoke about the "unprecedented" context in which the case was brought.  Similarly, in the instant case, Plaintiffs challenge the Sheriff Department's law enforcement efforts to fight gang crime.  The Court may take judicial notice of the unprecedented increase in gangs and gang violence throughout the State of California, and the disturbing increase of the Mexican Mafia's influence in the United States.  The increasing influence of gangs and gang violence is a matter of local, national, and international significance, and requires an ever-increasing number and types of law enforcement resources to address.

c.   *The two defendants in Iqbal sought a dismissal of all damages claims.*  County Defendants did not seek a dismissal of all claims against them in their Motion to Dismiss. This was due to the fact that the Complaint was so deficient, County Defendants did not want to speculate on what claims Plaintiffs were attempting to make. For this reason, County Defendants instead brought a Motion for More Definite Statement to challenge the sufficiency of all claims in the Complaint.[6]  Yet, the type of responsive motion Defendants brought is immaterial, as both *Twombly* and *Iqbal* focus on the sufficiency of plaintiffs' allegations in the complaint, rather than the nature of the responsive motion.  Once Plaintiffs articulate allegations against County Defendants sufficient to allow a response, County Defendants expect to move the Court to dismiss all claims.

d.   *The defense was grounded in claims of qualified immunity.* Plaintiffs appear to argue that the type of defense raised in a motion to dismiss somehow limits their pleading obligations under Rule 8 and applicability of *Iqbal.*[7]  Nothing could be farther from the truth: both *Twombly* and *Iqbal* declared that plaintiffs must first comply with their pleading obligations to state a sufficient claim for relief – the type of defense that could be asserted is thus immaterial.  In addition, as stated

---

[5]   The Office of the Sheriff is part of the executive branch of the government, over which the Governor is the supreme executive power. (Cal. Const. Art. V, § 1.)

[6]   This issue was discussed at the April 22nd hearing. (See Keck Declaration, Exhibit "C", TR. at p. 54 .)

[7]   In addition, Plaintiffs claim that *Iqbal* is distinguishable because it sought only damages, rather than injunctive relief.  Plaintiffs thus argue that the Rule 8 pleading obligations differ depending on whether the claim is for damages or injunctive relief.  Once again, such an argument is unpersuasive as it runs afoul of Federal Rule of Civil Procedure 1, as pleading obligations apply to all civil actions.

1    at the April 22nd hearing, County Defendants shall move to dismiss based on
      grounds of qualified immunity once Plaintiffs allege a more certain complaint.

2

      **4.    Plaintiffs Should Not Be Permitted to Compel Discovery for the Purpose of
              Allowing Them to Satisfy Their Rule 8 Pleading Obligations**

3

4        Plaintiffs argue that County Defendants' pending Motion for More Definite Statement should

5    not act to delay discovery in the case.  Plaintiffs cite to the case of *Famolare, Inc. v. Edison Brothers*

6    *Stores, Inc.*[525 F.Supp. 940 (E.D. Cal. 1981)] in support of their argument that they are entitled to

7    obtain discovery for the very purpose of allowing them to bolster their defective Complaint.  Plaintiffs

8    reliance on *Famolare* is misplaced, as it merely stands for the proposition that a plaintiff is not

9    required to plead all facts that may be relevant to a properly-plead cause of action, as the defending

10   party may obtain facts during discovery. (*Famolare*, 525 F.Supp. at 949.)

11       Based on the arguments presented, it now appears that Plaintiffs do not have knowledge of

12   facts sufficient to allege a cause of action against County Defendants, and did not possess such facts at

13   the time they filed their lawsuit.   Without providing any specifics, Plaintiffs admit that "the

14   information regarding Plaintiffs' claims is almost exclusively in the hands of Defendants."

15   [Opposition, 9:9-10.]  While County Defendants have produced almost 3000 pages of documents to

16   Plaintiffs in this action, Plaintiffs apparently claim that they are still unable to formulate a cause of

17   action against County Defendants.

18       Accordingly, County Defendants request that the Court require Plaintiffs to satisfy their

19   pleading obligations under Rule 8 before requiring County Defendants to expend more time and

20   resources in responding to Plaintiffs' extensive discovery demands.  This request is consistent with

21   Supreme Court mandates, and serves the public interest:

22       Thus, it is one thing to be cautious before dismissing an antitrust complaint in advance
         of discovery ..., but quite another to forget that proceeding to antitrust discovery can be

23       expensive. As we indicated over 20 years ago in *Associated Gen. Contractors of Cal.,*
         *Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983), "a

24       district court must retain the power to insist upon some specificity in pleading before
         allowing a potentially massive factual controversy to proceed."

25

26   (*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1966-1967.)

27

28

**B.    Plaintiffs May Require/Compel Defendants to Provide Discovery Only After They Have Satisfied Their Rule 8 Pleading Obligations**

While the circumstances of this case demonstrate that Plaintiffs should not be entitled to compel Defendants to provide additional discovery at this time because they have not met their Rule 8 pleading obligations, the more difficult question is, at what time do they become entitled to discovery? In light of the particular context of this case, it appears that Plaintiffs should be allowed to open the doors to discovery after the time to file a responsive motion has passed and in the absence of such a motion, or the time at which a defendant against whom discovery is sought files an answer.  Should circumstances change such that this discovery trigger becomes inequitable, a party may move the Court for a modification by demonstrating good cause.

**III.**

**CONCLUSION**

Based on the foregoing, County Defendants respectfully request that the Court enter the following order: (a) the decision in *Iqbal* serves to prevent Plaintiffs from requiring/compelling discovery from Defendants until they have satisfied their pleading obligations under Rule 8, which serves to stay Plaintiffs' discovery requests (including but not limited to the Amended Notice of Deposition to the County of Sonoma) and pending Motion to Compel; (b) Plaintiffs may proceed with discovery after the time to file a responsive motion has passed and in the absence of such a motion, or the time at which a Defendant against whom discovery is sought files an answer; and (c) for such other and further relief as this Court deems just and proper.

Dated: July 15, 2009                    Respectfully submitted,
                                        Stephen M. Woodside, County Counsel

                                        By___s/s Anne L. Keck_____
                                            Anne L. Keck
                                            Deputy County Counsel

                                        BERTRAND, FOX & ELLIOT

                                        By___s/s Richard W. Osman_____
                                            Richard W. Osman

                                        Attorneys for Defendants the County of Sonoma, Sheriff-Coroner William Cogbill, and Deputy Sheriff Morris Eric Salkin