UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMITTEE FOR IMMIGRANT RIGHTS
OF SONOMA COUNTY, et al.,

        Plaintiff(s),

   v.

COUNTY OF SONOMA, et al.,

        Defendant(s).
_____/

No. C 08-04220 PJH

**ORDER RE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Before the court is plaintiffs' motion for leave to file a motion for reconsideration of that portion of this court's July 31, 2009 order granting defendants' motion to dismiss the eighth claim of plaintiffs' complaint. As the court finds this matter can be resolved without further briefing, given the arguments raised in plaintiffs' moving papers, the motion for leave is DENIED, however, the motion for reconsideration is GRANTED for the reasons that follow.

The eighth claim of the complaint comprises six paragraphs and alleges the following:

   76.  Plaintiffs incorporate by reference the allegations in the paragraphs above as fully set forth here.

   77.  Defendant ICE's predecessor agency, the Immigration and Naturalization Service ("INS"), promulgated 8 C.F.R. § 287.

   78.  8 C.F.R. § 287.7, and the actions taken by ICE to issue immigration detainers to hold individuals who are not already in custody for controlled substances violations, are inconsistent with the governing statute, 8 U.S.C. § 1357, and *ultra vires* in excess of the statutory authority granted to ICE by Congress, and therefore violate the Administrative Procedures Act ("APA"), 5 U.S.C. § 706 and 8 U.S.C. § 1357.

79. Defendant ICE's predecessor agency, the INS, promulgated 8 C.F.R. § 287.7 without notice and an opportunity to comment by the public and in violation of the rule-making process specified by the APA, 5 U.S.C. § 553.

80. Defendant's actions in issuing 8 C.F.R. § 287.7 were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in excess of statutory jurisdiction, authority, or limitations, and without observance of procedure required by law, and should be set aside as unlawful pursuant to 5 U.S.C. § 706.

81. Federal Defendants' denial of Plaintiffs' procedural rights under 8 U.S.C. § 1357 and 8 C.F.R. .§ 287.3 constitute agency actions unlawfully withheld or unreasonably delayed and agency action without observance of procedure required by law pursuant to 5 U.S.C. § 706.

In the motion currently before the court, plaintiffs explain that their eighth claim encompassed the following four subclaims:

1. A facial challenge to 8 C.F.R. § 287.7 as *ultra vires* in excess of statutory authority granted to ICE by Congress;

2. A challenge to ICE's practice of issuing immigration detainers for persons not already in local custody contrary to the plain language of 8 C.F.R. § 287.7 and 8 U.S.C. § 1357;

3. An allegation that ICE's predecessor agency, INS, promulgated 8 C.F.R. § 287.7 without complying with the notice and comment requirements of 5 U.S.C. § 553; and

4. A challenge to Federal defendants' policy and practice of denying procedural rights guaranteed by 8 U.S.C. § 1357 and 8 C.F.R § 287.3 to persons arrested without a warrant through ICE's ongoing collaborative efforts with the County Defendants.

Plaintiffs seek reconsideration of the court's dismissal of what they characterize in this motion as their second and fourth subclaims.

A comparison of the re-characterized subclaims with the subclaims as they are pleaded, reveals several things. One, re-characterized subclaim 3 is equivalent to the prior subclaim found in ¶ 79 of the complaint, which was previously withdrawn by plaintiffs and stricken in the court's July 31, 2009 order. Plaintiffs seek no relief as to this subclaim. Two, although the court construed ¶ 78 as setting forth one subclaim, plaintiffs have re-characterized that subclaim as two subclaims and plaintiffs seek relief only with respect to that part of the ¶ 78 allegations that comprise their new subclaim 2. Third, re-characterized subclaim 4 is equivalent to the prior subclaim found in ¶ 81. Plaintiffs seek relief as to this

subclaim. Fourth, the subclaim found in ¶ 80 has not been re-characterized or otherwise expressly referenced in the motion before the court. The court therefore assumes that no relief is sought as to this subclaim.

Preliminarily, the court notes that this motion provides a perfect illustration of the problems that can arise from poorly drafted complaints. If ¶ 78 was intended to represent two separate claims, it would have been easy to simply state as much. Nonetheless, plaintiffs are correct that the court did not intend to foreclose them from alleging and arguing that the practice of issuing detainers for persons not already in custody (for any criminal violation) is contrary to statute and regulation. Accordingly, the court clarifies that the dismissal with prejudice is intended to dispose of only the issue that to the extent that § 287.7 permits the issuance of immigration detainers for persons arrested for offenses other than controlled substance violations, it is not in excess of the statutory authority granted to ICE.

Plaintiffs also seek reconsideration of the dismissal of re-characterized subclaim 4. As the court addressed the issues presented in this subclaim (equivalent to ¶ 81 of the complaint) in conjunction with the issue presented in ¶ 80, with which plaintiffs do not now appear to take issue, and rather than attempt to parse the court's ruling between the ¶ 80 issue (which is not challenged) and the ¶ 81 issue (which is challenged), and in the interest of reducing further motion practice on the current complaint, the court withdraws that portion of the July 31, 2009 order on this issue, docket number 121, page 23, line 6 - page 24, line 6. Plaintiffs shall take care to clarify their allegations with respect to the remaining two subclaims in their amended complaint, which shall be filed pursuant to the parties' stipulation by September 14, 2009.

**IT IS SO ORDERED.**

Dated: September 3, 2009

PHYLLIS J. HAMILTON
United States District Judge

3