LATHAM & WATKINS LLP
  Alfred C. Pfeiffer, Jr. (State Bar No. 120965)
  Melissa N. Chan (State Bar No. 240228)
  Tienlon Ho (State Bar No. 240997)
  Mary Elizabeth Heard (State Bar No. 255793)
  Jason L. Daniels (State Bar No. 258377)
  Casey R. O'Connor (State Bar No. 261755)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: al.pfeiffer@lw.com
Email: melissa.chan@lw.com
Email: tienlon.ho@lw.com
Email: maryelizabeth.heard@lw.com
Email: jason.daniels@lw.com
Email: casey.oconnor@lw.com

Julia Harumi Mass (State Bar No. 189649)
Alan L. Schlosser (State Bar No. 49957)
Andre I. Segura (State Bar No. 247681)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: jmass@aclunc.org
Email: aschlosser@aclunc.org
Email: asegura@aclunc.org

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, FRANCISCO SANCHEZ-LOPEZ, CHRISTYAN SONATO-VEGA, and SAMUEL MEDEL MOYADO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SHERIFF-CORONER BILL COGBILL and DEPUTY SHERIFF MORRIS ERIC SALKIN, individually and in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; SPECIAL AGENT MARIO HUELGA and SPECIAL AGENT CHRIS MERENDINO, individually and in their official capacities; DOES 1-50; and ROES 1-50, inclusive,<br><br>Defendants. | CASE NO. 08-4220 PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>**[PURSUANT TO CIVIL L.R. 7-11**<br><br>The Hon. Phyllis J. Hamilton<br>Courtroom 3, 3rd Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE AND MPA ISO MOTION
FOR VOLUNTARY DISMISSAL
CASE NO. 08-4220-PJH

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Samuel Medel Moyado hereby moves for voluntary dismissal of this action without prejudice.

## INTRODUCTION

On September 5, 2008, Samuel Medel Moyado, along with Plaintiffs Francisco Sanchez-Lopez, Christyan Sonato-Vega and the Committee for Immigrant Rights of Sonoma County, filed suit against the Defendants in the above captioned matter. In October 2009, Mr. Medel Moyado sent a letter to Julia Mass, counsel for Plaintiffs, stating that "For the current time, I no longer wish to take part in any legal case that involves myself in any way. I no longer authorize Julia Mass or anyone that is affiliated with any type of law firm to represent Samuel Medel in any case." Declaration of Julia Harumi Mass, Exhibit A. Counsel for Plaintiffs interpret Mr. Medel Moyado's letter to be a request to be dismissed from the case, and, following this, to end his attorney-client relationship with Plaintiffs' counsel. *Id.* ¶ 4.

To fulfill Mr. Medel Moyado's wishes, Plaintiffs' counsel contacted Defendants to seek a stipulation agreeing to dismiss Mr. Medel Moyado as a plaintiff in this case without prejudice. Defendants refused, and would only stipulate to dismissal *with* prejudice. *Id.* ¶¶ 6-7. Unable to communicate with Mr. Medel Moyado in order to clarify his wishes, Plaintiffs' counsel are unable to ascertain whether Mr. Medel Moyado comprehends the consequences of a dismissal *with* prejudice. In any event, Plaintiffs' counsel now lack the ability or the authorization to agree to a dismissal with prejudice.

## ARGUMENT

After a defendant has filed an answer, a plaintiff must seek leave of the court to dismiss its action. Federal Rule of Civil Procedure 41(a)(2) grants the court discretion to dismiss an action after an answer has been filed "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Stevedoring Servs. of America v. Armilla Int'l.*, 889 F.2d 919, 921 (9th Cir. 1989); *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir. 1982). "Unless the order states otherwise, dismissal under [Rule 41(a)(2)] is *without* prejudice." Fed. R.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

NOTICE AND MPA ISO MOTION
FOR VOLUNTARY DISMISSAL
CASE NO. 08-4220-PJH

Civ. P. 41(a)(2) (emphasis added). A motion for voluntary dismissal without prejudice should be granted unless "the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton*, 679 F.2d at 145; *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). This especially true where, as here, "the motion is made at an early stage of the case, before much has happened and only limited human and financial resources have been invested." 9 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, § 2364 (3d ed. 2008).

Defendants will not suffer plain legal prejudice from this dismissal. Legal prejudice is limited to: "'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith*, 263 F.3d at 976 (internal citation omitted). Essentially, legal prejudice occurs only if the dismissal would cause the loss of a substantive right or defense. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (in evaluating prejudice, "the cases focus on the rights and defenses available to a defendant in future litigation.'"). Plain legal prejudice does not result merely because the defendant faces the prospect of a second lawsuit, because the second lawsuit may inconvenience the defendant, because the plaintiff may gain some tactical advantage, or because the defendant has begun trial preparations. *Hamilton*, 679 F.2d at 145*; see also Westlands*, 100 F.3d at 97 (". . . the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice"); *Smith*, 263 F.3d at 976 ("plain legal prejudice does not result . . . where a plaintiff would gain a tactical advantage by that dismissal.").

Here the dismissal of Samuel Medel Moyado's claims without prejudice would not cause any plain legal prejudice to Defendants. There are no counterclaims or defenses filed as of yet, since no answer has been filed. There is also no other legal interest impacted by this dismissal. At most, Defendants might be inconvenienced by the possibility of second lawsuit by Mr. Medel Moyado, but this simply does not constitute legal prejudice justifying the extinguishing of Mr. Medel Moyado's claims without adjudication.

//
//
//
//

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE AND MPA ISO MOTION
FOR VOLUNTARY DISMISSAL
CASE NO. 08-4220-PJH

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Samuel Medel Moyado's claims without prejudice.

Dated: December 14, 2009

By /s/ Alfred C. Pfeiffer
Alfred C. Pfeiffer, Jr.

LATHAM & WATKINS LLP
Alfred C. Pfeiffer
Melissa N. Chan
Tienlon Ho
Mary Elizabeth Heard
Jason L. Daniels
Casey R. O'Connor

By /s/ Julia Harumi Mass
Julia Harumi Mass

Julia Harumi Mass
Alan L. Schlosser
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA

Attorneys for Plaintiffs

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE AND MPA ISO MOTION
FOR VOLUNTARY DISMISSAL
CASE NO. 08-4220-PJH