1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ILA DEISS (NY SBN 3052909)
   Assistant United States Attorney
4  450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102-3495
5  Tel: (415) 436-7124
   Fax: (415) 436-7169
6  E-mail: ila.deiss@usdoj.gov

7  WILLIAM ORRICK
   Deputy Assistant Attorney General, Civil Division
8  JOSHUA E.T. BRAUNSTEIN
   Assistant Director
9  COLIN A. KISOR (DC 497145)
   Senior Litigation Counsel
10 LANA L. VAHAB (DC 976203)
   Trial Attorney
11 Office of Immigration Litigation
   Civil Division, Justice Department
12 P.O. Box 868, Ben Franklin Station
   Washington, D.C. 20044
13 Tel: (202) 532-4331
   Fax: (202) 305-7000
14 E-mail: colin.kisor@usdoj.gov

15 Attorneys for the Federal Defendants

16                   UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18 COMMITTEE FOR IMMIGRANT RIGHTS )
   OF SONOMA COUNTY, FRANCISCO   ) Case No. CV 08-04220 RS(JL)
19 SANCHEZ-LOPEZ, CHRISTYAN SONATO- )
   VEGA, and SAMUEL MEDEL MOYADO, ) **STIPULATED**
20                                ) **PRIVACY ACT PROTECTIVE**
                                   ) **ORDER**
21         Plaintiffs,             )
                                   )
22         v.                      )
                                   )
23 COUNTY OF SONOMA; SHERIFF-      )
   CORONER BILL COGBILL and DEPUTY )
24 SHERIFF MORRIS ERIC SALKIN,     )
   individually and in their official capacities; U.S. )
25 DEPARTMENT OF HOMELAND SECURITY )
   BUREAU OF IMMIGRATION AND       )
26
27 STIPULATED PRIVACY ACT PROTECTIVE ORDER
28 Case No. C 08-4220 RS

| | |
|---|---|
| CUSTOMS ENFORCEMENT;<br>SPECIAL AGENT MARIO HUELGA and<br>SPECIAL AGENT CHRIS MERENDINO,<br>individually and in their official capacities;<br>DOES 1-50; and ROES 1-50, inclusive,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROTECTIVE ORDER

On January 27, 2009, and subsequently, counsel for Plaintiffs in this action served or will serve numerous discovery requests upon Federal Defendants, commanding the production of documents, including documents containing identifying information relating to third parties not participating in this lawsuit. Some of this identifying information is contained within various law enforcement reports, agency records, and databases, including, but not limited to, individual alien files, which are in the possession, custody, and control of the Federal Defendants and Federal Defendants' counsel. Federal Defendants agree to produce such documents to Plaintiffs and County Defendants unredacted of third-party identifying information, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

WHEREFORE, at the request of counsel for Plaintiffs and counsel for Federal Defendants, and counsel for the County Defendants ("the parties"),

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), Federal Defendants are authorized to release to counsel for Plaintiffs, counsel for the County Defendants and the Court in this case, discovery, including reports, records of database searched, and files, including, but not limited to, alien files for the named Plaintiffs, and for any other aliens subsequently determined to be members of the Committee for Immigrant Rights of Sonoma County, unredacted of third-party identifying information, without obtaining prior written consent of the third parties whose names,

STIPULATED PRIVACY ACT PROTECTIVE ORDER
Case No. C 08-4220 RS           2

addresses, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The parties agree that the terms of this Protective Order will govern the entirety of any alien file, any law enforcement report, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that any documents or records to be provided by the federal government contain third-party names, addresses, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. Counsel for the Federal Defendants shall designate documents containing confidential information as confidential by placing the word "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

"PROTECTED"

"THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN THE
*COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY et al. v.
COUNTY OF SONOMA, et al. CASE*. THIS DOCUMENT AND ITS
CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT
AS PROVIDED IN THE PROTECTIVE ORDER."

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

      a.    counsel for Plaintiffs and all Defendants and any support staff of such counsel assisting in this action;

      b.    the Court and its personnel, including court reporters;

      c.    individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order; and

      d.    expert witnesses or consultants retained by Plaintiffs or Defendants.

5. Upon signing of this Order by the Court, redactions made by counsel for Federal Defendants, if any, to the documents marked COVERED BY PROTECTIVE ORDER will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material.

6. All persons listed in Paragraph 4(a) above, to whom identifying information is disclosed, are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(b)-(d) above, any confidential information, except as provided in this Protective Order.

7. All persons listed in Paragraphs 4(c) and (d) above to whom identifying information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for the Plaintiffs or counsel for the County or Federal Defendants.

8. Any filings with the Court which contain materials subject to this Order shall be done under seal, unless a release is obtained from the third-party individual to whom the materials pertain authorizing the disclosure of such information.

9. To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains authorizing the disclosure of such information.

10. No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made. Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order.

11. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

12. Within thirty (30) days of the final conclusion of this litigation, including any appeals, counsel for Plaintiffs and County Defendants shall collect all documents produced pursuant to this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Federal Defendants pursuant to the terms of this Protective Order.

13. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

14. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

15. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

16. Nothing in this agreement shall be construed to require the production of any discovery by the Federal Defendants.

17. Nothing in this agreement shall be construed to waive any objection to production of any discovery on any grounds, asserted by the Federal Defendants.

18. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

19. This Order shall be binding upon any present and future party to the *Committee for Immigrant Rights of Sonoma County, et al. v. County of Sonoma, et al.* litigation.

20. This Order applies only to documents and discovery produced by the Federal Defendants and does not cover documents or discovery given or produced by the County Defendants or any Plaintiff or any third party witness.

21. This Order shall be effective and enforceable upon its electronic signature by Counsel for Plaintiffs and County Defendants, and by the Court.

_____/s/_____
Ila C. Deiss
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495

_____/s/_____
Colin A. Kisor
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, Justice Department
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

_____/s/_____
Lana L. Vahab
Trial Attorney
Office of Immigration Litigation
Civil Division, Justice Department
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

_____/s/_____
Richard W. Osman
Bertrand, Fox & Elliot
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109

_____/s/_____
Anne L. Keck
Deputy County Counsel
County of Sonoma
575 Administration Drive
Room 105A
Santo Rosa, CA 94503-2815

///

STIPULATED PRIVACY ACT PROTECTIVE ORDER
Case No. C 08-4220 RS         7

```
        /s/
_____
Alfred Carroll Pfeiffer, Jr.
Hyun Jee Sun
Casey O'Connor
Latham & Watkins LLP
505 Montgomery St. #2000
San Francisco, CA 94111

        /s/
_____
Julia Harumi Mass
American Civil Liberties Union
Foundation of Northern CA
39 Drumm Street
San Francisco, CA 94111
jmass@aclunc.org
```

**IT IS SO ORDERED.**

Dated: 12-2-10                    _____
                                  JAMES
                                  United S...  ...rate Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA; stamp: IT IS SO ORDERED / Judge James Larson]*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Committee for Immigrant Rights of Sonoma County, et al. v. County of Sonoma, et al.,* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name]

of_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed Name:_____   [print name]

Signature: _____   [signature]

STIPULATED PRIVACY ACT PROTECTIVE ORDER
Case No. C 08-4220 RS                                                9