**\*\*E-filed 12/08/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, et al.,

    Plaintiffs,

  v.

COUNTY OF SONOMA, et al.,

    Defendants.
_____/

No. C 08-4220 RS

**ORDER RE BRIEFING**

Plaintiffs have filed an objection to a nondispositive pretrial order of the magistrate judge denying their motion for a "global" protective order.[1] The County defendants contend the objection was untimely. The order in question was electronically filed on November 12, 2010. By operation of General Order No. 45, § IX. A, the parties' receipt of the notice of electronic filing automatically generated by the ECF system is deemed to have been service of that order. Under Fed. R. Civ. P. 72(a), any objections to the order were due within 14 days after service.

---

[1] Pursuant to the recent amendments to Civil Local Rule 72-2, the objection should have been filed and docketed as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge."

Fourteen days from November 12th was November 26th, a legal holiday within the meaning of Fed. R. Civ. P. 6 (a). *See* Fed. R. Civ. P. 6 (a)(6)(C) ("any other day declared a holiday by the state where the district court is located."); Cal. Govt. Code §19853(a) (declaring day after Thanksgiving as holiday). Thus, pursuant to Fed. R. Civ. P. 6 (a)(1)(C) "the period continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday," which in this instance was Monday, November 29th.

With this much of the analysis, the parties are in agreement. They part company, however, over whether plaintiffs were entitled to an *additional* three days in which to file their objections by virtue of paragraph (d) of Rule 6, which provides that where service of a document is made by electronic means, "3 days are added after the period would otherwise expire under Rule 6(a)." If plaintiffs were entitled to the benefit of Rule 6(d), then their objection, filed on December 2, 2010, is timely. If not, then the Court at least arguably cannot consider the objection. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").[2]

The County defendants contend that under General Order 45, the electronic filing of an order, "constitutes immediate and effective service," and therefore Rule 6(d) is inapplicable. General Order 45, however, states only that receipt of the automatically-generated notice of electronic filing "shall constitute service," it does not purport to trump the Federal Rules, nor could it. Under General Order 45 and the ECF system, service *occurs* virtually simultaneously with the filing of a document, and the date of the filing is the date of service as well. That, however, does not somehow render inoperative Rule 6(d), which allows additional time whenever a deadline runs from the date of service, and service is accomplished by electronic means.[3]

---

[2] While this provision plainly precludes challenging the order on appeal, it is less clear that it deprives the district court of discretion to hear the objection should circumstances warrant doing so. Certainly if a party moved for relief under Rule 6(b)(1)(B) and established excusable neglect, the court could grant the motion and reach the merits of the objection.

[3] *Cannon Partners, Ltd. v. CapeCod Biolab Corp.*, 225 F.R.D. 247 (N.D. Cal. 2003), cited by the County defendants, did not address Rule 6(d) and is therefore not authority as to whether it applies or not. *See Webster v. Fall,* 266 U.S. 507, (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Three additional days may be generous, given the speed and general reliability of email systems, and the frequency with which counsel typically check their messages, but it is the period that the drafters of the Federal Rules have seen fit to provide. Accordingly, plaintiffs' objection was timely filed.

No later than December 21, 2010, defendants shall file any opposition to the merits of plaintiffs' objection.[4] Unless otherwise ordered, the matter shall then be submitted for decision without further briefing or oral argument.[5]

IT IS SO ORDERED.

Dated: 12/08/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] Civil Local Rule 72-2 limits motions challenging a magistrate judge's non-dispositive ruling to five pages. Plaintiffs somewhat exceeded that limit, in large part because they devoted two full pages to the unabbreviated case caption. There are two separately represented groups of defendants here, each of which is technically entitled to file an opposition. Should two separate oppositions be filed, neither shall be substantially lengthier than plaintiffs' objection.

[5] The Court recognizes that the County defendants hoped for a ruling on plaintiff's objection by December 14, 2010, in light of the effect they contend it might have on the settlement conference and on a deposition presently-scheduled for shortly thereafter. Because the objection is not subject to rejection on timeliness grounds, that is not feasible.