**\*\*E-filed 6/16/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMITTEE FOR IMMIGRANT RIGHTS OF SONOMA COUNTY, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>COUNTY OF SONOMA, et al.,<br><br>        Defendants.<br>_____/ | No. C 08-4220 RS<br><br>**ORDER RE OBJECTION TO RULING OF MAGISTRATE JUDGE** |

     Prior to the time that partial settlements were reached in this action, some of which are now final and some of which remain tentative, plaintiffs filed an objection to a nondispositive pretrial order of the magistrate judge denying their motion for a "global" protective order. The parties then stipulated to a stay of the action in light of ongoing settlement discussions, and thereafter stipulated to extensions of that stay. Plaintiffs and the federal defendants recently advised the Court for the first time that, following the expiration of the last formal stay, a disposition of the pending objection is now desired.

     In light of the changed circumstances that the individual defendants have settled with the federal defendants and tentatively settled with the county defendants, it is appropriate that no distinctions be drawn between any of them and third party witnesses with respect to the scope of

allowable discovery under the order entered by Judge Hamilton, on April 24, 2009 (Dkt. No. 78), regardless of the extent to which their prior exclusion from the limitations in that order may have been based on facts other than their status as plaintiffs. Accordingly, the matters specifically listed in the April 24, 2009 order as being outside the permissible scope of discovery in this action apply with respect to all persons from whom such discovery might otherwise be sought. This ruling, of course, does not preclude defendants from introducing evidence of such matters that they may have obtained from other sources, provided such evidence is otherwise admissible and relevant in these proceedings.

Plaintiffs' motion for entry of a "global protective order" precluding the use of other immigration status-related information outside the context of this litigation was not improperly denied. Despite plaintiffs' characterization of the motion as seeking relief not previously sought from Judge Hamilton, the form of order they proposed would have imposed restrictions that Judge Hamilton expressly considered and rejected, whether or not plaintiffs elected to brief the potential availability of such restrictions, rather than simply raising them at hearings.[1] The thrust of plaintiffs' objections to the magistrate judge's ruling is that the written decision purportedly identifies a legitimate concern arising from the "*in terrorem*" effect of discovery on witnesses, but then fails to provide any remedy. In the absence of a viable proposal from the parties, it was not incumbent on the court to craft a structure for handling these issues during the discovery process that would address the competing concerns. Particularly in light of the fact that plaintiffs elected to seek the broadest conceivable orders without briefing or providing concrete alternative proposals during the several instances that this basic issue was before the court, denial of their present motion was not clearly erroneous.

---

[1] Additionally, the form of order proposed by plaintiffs in the present motion is less than a model of clarity. It could be read as merely restricting defendants from using for any other purposes specific information that they possess solely as a result of discovery in this action. Alternatively, it could be interpreted to have the effect of precluding ICE from investigating or taking any action regarding any person identified as a witness in this proceeding, without regard to what information may be available to ICE from other sources. Although plaintiffs may believe the latter interpretation is correct and that such relief is justifiable, it implicates a much broader set of policy issues to be balanced than the former. In any event, entry of an ambiguous order would not be appropriate.

2

That said, as the magistrate judge's order expressly discussed, there is authority for limiting disclosure of immigration status-related information on an "attorney eyes-only" basis, at least up to the time of trial. *See Aguilar v. Immigration and Customers Div. of the U.S. Dep't of Homeland Sec.*, 2009 U.S. Dist. LEXIS 54669 (S.D.N.Y. 2009).  Although the magistrate judge correctly concluded that *Aguilar* does not support imposing the protective order plaintiffs had requested, neither did he foreclose the availability of such relief.  Accordingly, the parties are hereby ordered to resume meet and confer negotiations regarding the form of a general protective order to govern discovery in this action.  The order may incorporate the specific restrictions of the April 24, 2009 order and any other particular provisions the parties may agree are appropriate, and should otherwise generally conform to the contours of the model protective order provided on the Court's website, including provisions for designation of material as "attorney eyes only."[2]  Upon entry of such an order, plaintiffs may designate as "attorney eyes only" material that they in good faith contend constitutes immigration status related information, with any challenges to such designations to be made according to the usual procedures.

IT IS SO ORDERED.

Dated:  6/16/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Consistent with *Aguilar*, "attorneys" may be defined to include, "ICE in-house counsel provided that they are not involved in the prosecution of any related immigration proceedings." 2009 U.S. Dist. LEXIS 54669 at *18.

3